# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 29, 2019

```
*  *  *  *  *  *  *  *  *  *  *  *  *
RODOLFO MONTERROSO,              *          UNPUBLISHED
                                *
              Petitioner,       *          No.17-1310V
                                *
v.                              *          Special Master Gowen
                                *
SECRETARY OF HEALTH             *          Stipulation for Award;
AND HUMAN SERVICES,             *          Influenza ("flu"); Guillain-Barré
                                *          Syndrome ("GBS"); Tetanus-
              Respondent.       *          Diphtheria-acellular pertussis
*  *  *  *  *  *  *  *  *  *  *  *  *      ("Tdap").
```

*Danielle A. Strait,* Maglio, Christopher & Toale (WA), Seattle, WA, for petitioner.
*Jay M. All,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION FOR STIPULATION[1]

On September 22, 2017, Rodolfo Monterroso ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2]  Petition at Preamble. Petitioner received an influenza ("flu") vaccine and a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine on October 6, 2016.  *Id.* at 1; Stipulation at ¶ 2 (ECF No. 41).  Petitioner alleged that as a result of receiving the vaccinations he suffered Guillain-Barré syndrome ("GBS").  Petition at ¶ 4; Stipulation at ¶ 4.

On May 28, 2019, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner.  Stipulation at ¶ 7.  Respondent denies that petitioner's alleged injuries are caused by the vaccines.  *Id.* at ¶ 6.  Maintaining their respective

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  **This means the opinion will be available to anyone with access to the Internet.**  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).  "An objecting party must provide the court with a proposed redacted version of the decision."  *Id.*  **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.**  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

positions, the parities nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding compensation to petitioner according to the terms of the stipulation attached hereto as Appendix A.  *Id.* at ¶ 7.

The stipulation awards:

1)   **A lump sum of $85,000.00, in the form of a check payable to petitioner, which amount represents compensation for all damages available under 42 U.S.C. § 300aa-15(a).**

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein.  The Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

|  |  |  |
|---|---|---|
| RODOLFO MONTERROSO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 17-1310V |
| v. | ) | Special Master Gowen |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1.  Rodolfo Monterroso, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") and/or tetanus-diphtheria-acellular pertussis ("Tdap") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.  Petitioner received the vaccines on October 6, 2016.

3.  The vaccines were administered within the United States.

4.  Petitioner alleges that he suffered Guillain-Barré Syndrome ("GBS") as the result of the vaccines and that he experienced the residual effects of this condition for more than six months.

5.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his alleged injuries.

6.   Respondent denies that the vaccines are the cause of petitioner's alleged GBS or any other injury or condition.

7.   Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $85,000.00, in the form of a check payable to petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.   As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.   Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

2

11.  Payment made pursuant to paragraph 8 of this Stipulation, and any amounts awarded pursuant to paragraph 9 of this Stipulation, will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.  The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner, as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

13.  In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions, causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the vaccines administered on or about October 6, 2016, as alleged by petitioner in a petition for vaccine compensation filed on September 22, 2017, in the United States Court of Federal Claims as petition No. 17-1310V.

14.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

3

decision that is in complete conformity with the terms of this Stipulation, then the parties'

settlement and this Stipulation shall be voidable at the sole discretion of either party.

16.  This Stipulation expresses a full and complete negotiated settlement of liability and

damages claimed under the National Childhood Vaccine Injury Act of 1986, *as amended*, except

as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to.  The parties further agree and understand that the award described in this

stipulation may reflect a compromise of the parties' respective positions as to liability and/or

amount of damages, and further, that a change in the nature of the injury or condition or in the

items of compensation sought, is not grounds to modify or revise this agreement.

17.  This Stipulation shall not be construed as an admission by the United States or the

Secretary of Health and Human Services that either the flu or Tdap vaccines caused petitioner's

alleged injuries or any other injury or his current condition.

18.  All rights and obligations of petitioner hereunder shall apply equally to petitioner's

heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

Respectfully submitted,

PETITIONER:

RODOLFO MONTERROSO

**ATTORNEY OF RECORD FOR
PETITIONER:**

DANIELLE A. STRAIT
MAGLIO CHRISTOPHER & TOALE, PA
The Columbia Center
701 5th Avenue, Suite 3505
Seattle, WA 98104
Tel: (888) 952-5242

**AUTHORIZED REPRSENTATIVE
OF THE ATTORNEY GENERAL:**

CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

NARAYAN NAIR, M.D.
Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

JAY M. ALL
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 305-0124

Dated: 5/29/2019

5