# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: December 9, 2019

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| RODOLFO MONTERROSO | * | Unpublished |
| | * | |
| Petitioner, | * | No. 17-1310V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Stipulation Decision. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Danielle A. Strait,* Maglio, Christopher & Toale (WA), Seattle, WA, for petitioner.
*Alexis B. Babcock,* U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 8, 2019, Rodolfo Monterroso ("petitioner"), filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Pet. Fees App.") (ECF No. 48). For the reasons discussed below, I **GRANT**, petitioner's motion for attorneys' fees and costs and award a total of $15,245.54.

### I.      Procedural History

On September 22, 2017, petitioner filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered Guillain-Barré syndrome ("GBS") as a result of receiving the influenza ("flu") and tetanus-diphtheria-acellular pertussis vaccinations on October 6, 2016. Petition at Preamble and ¶ 2 (ECF No. 1). The parties engaged in settlement negotiations and the case was resolved informally. On May 29, 2019, respondent

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 *et seq.* (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. §300aa of the Act.

filed a Stipulation for Award in favor of petitioner and I entered a Decision on Stipulation the same day. Decision on Stipulation (ECF No. 42). On August 7, 2019, petitioner filed this motion for attorneys' fees and costs. Pet. Fees App. Petitioner requested $14,782.90 in attorneys' fees and $662.64 in costs. Pet. Fees App. at ¶¶ 2-3.

On August 8, 2019, respondent filed a response to petitioner's motion. Resp. Response (ECF No. 43). Respondent stated, "Respondent defers to the Special Master as to whether the statutory requirements for an award of attorneys' fees and costs are met in this case," and requests that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp. Response at 2-3.

On August 8, 2019, petitioner filed a reply to respondent's response. Pet. Reply (ECF No. 48). Petitioner states that respondent's position burdens the Court by not engaging in the review of attorneys' fees and costs, however, petitioner acknowledges that Special Masters have an independent duty to make determinations about the reasonableness of fees and costs. Pet. Reply at 2-3.

This matter is now ripe for adjudication.

**II.     Legal Standard**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(3)(1). Petitioner in this case was awarded compensation pursuant to a Stipulation and therefore he shall be awarded reasonable attorneys' fees and costs.

The Vaccine Act permits an award of "reasonable" attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). The Federal Circuit has approved the use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines the reasonable hourly rate, which is then applied to the number of hours reasonably expended on the litigation. *Id.* at 1347-58 (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n.1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), aff'd No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., aff'd in relevant part, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

### III.  Reasonable Attorneys' Fees and Costs

#### a. Hourly Rate

Petitioner requests compensation for his attorneys, Mr. Altom Maglio and Ms. Danielle Strait for work performed in 2017, 2018 and 2019.  Pet. Fees App. Attachment 1.

Petitioner requests that Mr. Maglio be compensated at $362.00 per hour for work performed in 2017.  Petitioner requests that Ms. Strait be compensated at $307.00 per hour for work performed in 2017; $322.00 per hour for work performed in 2018; and $340.00 an hour for work performed in 2019. Pet. Fees App. Attachment 1 at 14.  Additionally, petitioner requests that work performed by paralegals be reimbursed at a rate of $145.00 per hour for work performed in 2017; $148.00 per hour for work performed in 2018; and $154.00 per hour for work performed in 2019.  *Id.*

Petitioner's requested rates are consistent with the rates awarded by myself and other special masters. *See Divack v. Sec'y of Health & Human Servs*, No. 15-0908V, 2018 WL 5046546 (Fed. Cl. Spec. Mstr. Aug. 3, 2018); *Weishaar v. Sec'y of Health & Human Servs.*, No. 17-1372, 2019 WL 2406956 (Fed. Cl. Spec. Mstr. May 21, 2019). Additionally, these rates are consistent with the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule.[3]

#### b. Hours Expended

As noted previously, a line-by-line evaluation of the invoiced hours is not required; instead I may rely on my experience to evaluate the reasonableness of the hours expended. *Wasson*, 24 Cl. Ct. at 484.  Accordingly, I may reduce the number of hours claimed based on past experience. *Saxton*, 3 F.3d at 1521.  Petitioner included a detailed time sheet that provides a break down of the tasks performed by each attorney and paralegal in the relevant time period. Pet. Fees App. Attachment 1.  After reviewing the invoice of the hours billed, I find that hours billed for the attorneys are reasonable.  However, some of the paralegals appear to bill 0.2 hours to review routine scheduling orders.  For example, a paralegal charged .03 hours for reviewing an order directing the appearance of respondent's counsel.  Pet. Fees Mot. Attachment 1 at 4. The same paralegal charged 0.2 hours for "receipt of Notice of Assignment to Special Master Gowen and update file accordingly." *Id.*  It is well established that billing 0.2 for reviewing routine scheduling orders is considered excessive.  *See Meadows v. Sec'y of Health & Human Servs.,* No. 16-861V, 2018 WL 6292565 (Fed. Cl. Spec. Mstr. Oct. 31, 2018); *McMurtry v. Sec'y of Health & Human Servs.*, No. 15-405V, 2018 WL 5276700 (Fed. Cl. Spec. Mstr. Sept. 26, 2018).  This is not done consistently by all of paralegals involved in this case, therefore, I will only reduce the fees request by $200.00.

**Petitioner's attorneys' fees request is reduced by $200.00, and therefore, petitioner is awarded $14, 582.90 in attorneys' fees.**

---

[3] OSM Attorneys' Forum Hourly Rate Fee Schedules, http://www.cofc.uscourts.gov/node/2914 (accessed on Dec. 6, 2019).

    **c. Attorneys' Costs**

Like attorneys' fees, a request for reimbursement for costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $662.64 in attorneys' costs. These include the costs of obtaining medical records, postage and the filing fee for the petition. Pet. Fees App. Attachment 2. These costs are typical of the expenses in the Vaccine Program. The amounts are reasonable and adequately documented. **Therefore, these costs will be awarded in full.**

    **IV.   Conclusion**

In conclusion with the foregoing, petitioner's application for attorneys' fees and costs is **GRANTED. Accordingly, I award the following:**

    1) **A lump sum in the amount $15,245.54, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable jointly to petitioner and his counsel, Ms. Danielle Strait.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

    **IT IS SO ORDERED.**

    <u>s/Thomas L. Gowen</u>
    Thomas L. Gowen
    Special Master

---

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).